**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL S. DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 99 C 3009** |
| | ) | |
| **TIMOTHY BUDZ, Former Facility** | ) | **Judge Rebecca R. Pallmeyer** |
| **Director of the Sexually Violent** | ) | |
| **Persons Unit, in his individual Capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Earl Davis is a civilly-committed mental health patient in the custody of the Illinois Department of Human Services ("DHS"). Plaintiff claimed that the conditions of his civil confinement violated his constitutional rights to equal protection of the laws and substantive due process. Following a bench trial, this court found in favor of Mr. Davis on two claims and entered a modest damages award. *See Davis v. Peters*, 566 F. Supp. 2d 790 (N.D. Ill. 2008). Having prevailed on two claims against Defendant Timothy Budz, former director of the DHS's Treatment and Detention Facility, Plaintiff now seeks an award of costs in the amount of $34,398.20.[1] Defendant objects to portions of Plaintiff's bill of costs, and for the reasons explained here, those objections are sustained in part and overruled in part.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The following costs may be recoverable:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials

---

[1]    Defendant claims that Plaintiff's counsel has requested the amount requested be reduced to $34,332.87, but the court has no briefing from Plaintiff reflecting this change.

where the copies are necessarily obtained for use in the case;

(5)      Docket fees under section 1923 of this title;

(6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

28 U.S.C. § 1920. There is a presumption in favor of a cost award, and in order to overcome that presumption, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991)).

Plaintiff's bill of costs includes six entries: $11,517.89 for court reporter services and transcript costs; $306 for service of process fees; $21,135.28 for copies; $411 for witness fees; $1003 for "miscellaneous expenses," including messenger services; and $25 for fees of the clerk. Defendant objects to all of Plaintiffs' expenses except the fees of the clerk. The court will address each objection in turn.

## I.     Fees for transcripts

Plaintiff seeks an award of $11,517.89 for daily trial transcripts. Under § 1920(2), costs of transcripts must be "necessarily obtained for use in the case." *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). In defending this expense, Plaintiff claims that daily transcripts were necessary in order to prepare for trial. Defendant argues that Plaintiff has not provided any real justification for daily copy and has not alleged that the trial involved complex issues. As both parties recognize, "[r]eimbursement for daily copy is discretionary, and whether the court should allow it depends on such factors as the length and complexity of the trial, and the need for transcripts to resolve disputes about testimony or to prepare proposed findings of fact." *Easter House v. State of Ill. Dep't. of Children and Family Services*, 663 F. Supp. 456, 461 (N.D. Ill. 1987) (citing *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 719-20 (N.D. Ill. 1982)). In this case, given the length of the trial and significant disputes about the testimony of witnesses, the court agrees that daily copy was necessary to effectively prepare for the cross-examination of witnesses. *See Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882, at *5 (N.D. Ill.

Aug.12, 2004).  Therefore, the court overrules Defendant's objection to the $11,517.89 in transcript costs.

## II.     Fees for service

Of the $306 Plaintiff requests for four service of process fees, Defendant objects to three of the fees because Plaintiff has failed to identify the recipient of the service and to all four fees for failure to state the amount of time spent effectuating service.  As the court understands Plaintiff's records, they identify only one of the persons served: Darrell Sanders.  But Plaintiff's invoice does not state the amount of time spent on serving Sanders, or the amount charged.  (Supplement Invoices at 17, Attachment B to Pl.'s Request to Tax Costs.)  That same invoice also shows a processing fee of $85 on December 6, 2006, but does not clearly identify (and Plaintiff does not state) who was served.  (*Id.*)  In a separate invoice, Plaintiff submits two other process server expenses (totaling $136), but that record also does not reveal the identity of the individual served or the amount of time spent effectuating service.  (Supplement Invoices at 18, Attachment B to Pl.'s Request to Tax Costs.)

Defendant is correct that the prevailing party is entitled to recover service costs that do not exceed rates charged by the United States Marshals Service.  *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996).  Typically when an invoice fails to indicate the time spent effectuating service, courts will award costs for one hour.  *Clarendon Nat. Ins. Co. v. Medina*, No. 8 C 4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010) (citing *Fox v. Will County*, No. 04 C 7309, 2009 WL 723358, at *5 (N.D. Ill. Mar. 11, 2009), *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. Jun.27, 2003).  As of December 19, 2008, the Marshals Service charges $55 per hour for service of process.  28 C.F.R. § 0.114(a)(3).  The court concludes that Plaintiff is entitled to recover $55 for one hour of service of process on Darrell Sanders.  The court sustains Defendant's objections to the remaining service costs.

## III.    Fees for copies

Plaintiff submits a request for copying costs in the amount of $21,135.28.  Costs are permitted for copies that are necessary for use in a case, but copies made solely for the convenience of counsel are not permitted.  *Autozone, Inc. v. Strick*, No. 03 C 8152, 2010 WL 2365523, at *2 (N.D. Ill. June 9, 2010).  Defendant argues that Plaintiff has failed to provide any detail regarding what specific documents were copied or why such copies were necessary.  The court agrees.  Plaintiff admits that he has not provided significant detail about the copying charges and simply asserts that the costs were "reasonably incurred."  (Pl.'s Request to Tax Costs at 3.) While the parties are not "required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," Plaintiff does need to explain the nature of the documents copied.  *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1990).  Defendant's objection to recovery of the copying charges is therefore sustained.

## IV.    Fees for witnesses

Plaintiff seeks $411 in fees relating to costs his counsel incurred from ensuring witnesses could attend trial.  The Seventh Circuit has held that costs to reimburse witnesses for reasonable travel expenses are recoverable.  *See Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000) ("[C]ollectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses.").  In this case, however, Plaintiff does not identify these witnesses, nor has he provided any documentation detailing their travel expenses. Therefore, Defendant's objection to any amount is sustained.

## V.    Miscellaneous fees

Plaintiff seeks an award of $1003 for "miscellaneous expenses," related to messenger services.  Plaintiff claims that given his inability to communicate with his attorney by e-mail, he relied on delivery services.   Defendant is correct that messenger and delivery services are

frequently deemed ordinary business expenses and not recoverable as costs. *See Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, *11 (N.D. Ill. June 16, 2006). "[T]he court may, [however,] in its discretion, award incidental costs, including delivery charges . . . ." *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536 at *2 (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). "For messenger service costs to be recoverable in a party's bill of costs, the party must explain why it was necessary to use the service." *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, No. 03 C 6508, 2008 WL 4534162, at *2 (N.D. Ill. Oct. 3, 2008); *see also AA Sales & Associates, Inc. v. JT & T Products Corp.*, 2001 WL 855867, *1 (N.D. Ill. July 27, 2001). The court recognizes that Plaintiff resides outside of Chicago and has limited e-mail access. His custody status explains why it was necessary for counsel to rely heavily on messenger services. Although Plaintiff's invoices provide no details on the recipients of the documents he sent via messenger services and Federal Express, *cf. Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, *10 (N.D. Ill. Dec. 23, 2003) (rejecting party's claim for express mail costs), the court concludes reimbursement of this cost is appropriate. Defendant's objection to Plaintiff's messenger expense is overruled.

## CONCLUSION

Plaintiff's motion for recovery of costs [98] is granted in part and denied in part. Plaintiff is directed to submit a revised bill of costs, consistent with the court's rulings, within 14 days.

ENTER:

Dated: March 31, 2011

_____
REBECCA R. PALLMEYER
United States District Judge